**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. DLB-24-317** |
| | * | |
| **SINDY PAOLA HERNANDEZ,** | * | |
| **JOHNSIE STEVEN REINA** | * | |
| **HERNANDEZ, and** | * | |
| **EDWIN GONZALEZ RODRIGUEZ,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

**\*\*\*\*\*\*\***

**ELEVENTH CONSENT MOTION FOR EXCLUSION OF TIME**
**FROM SPEEDY TRIAL ACT COMPUTATIONS**

Comes now the United States of America, by and through its counsel, and with the consent of the Defendants, by counsel, and hereby respectfully submits this Tenth Consent Motion for Exclusion of Time from Speedy Trial Act Computations.  In support thereof, the Government submits the following:

1.      On October 7, 2024, the Defendants were charged by criminal complaint with conspiracy, in violation of 18 U.S.C. § 371.

2.      On October 24, 2024, a federal grand jury returned an indictment charging the Defendants with conspiracy, in violation of 18 U.S.C. § 371.

3.      On October 29, 2024, the Government filed a motion for protective order and requested that defense counsel provide the Government with a hard drive upon which the Government can produce its initial discovery production.

4.      On November 19, 2024, the Government produced an initial round of discovery to the Defendants. The discovery included numerous reports from both federal and state law enforcement, subpoena returns (including bank and other financial records), search warrants and

1

their returns (including social media account downloads), and numerous photographs from surveillance and execution of search warrants.

5.     On January 2, 2025, the Government produced a second discovery production, which included additional state and retailer investigative files, law enforcement reports, and subpoena returns.

6.     On January 21, 2025, the Government produced to Sindy Hernandez and Johnsie Hernandez their respective cell phones seized during the execution of the residential search warrants. On January 3, 2025 and January 16, 2025, counsel for Sindy Hernandez provided the Government with the names of attorneys whose communications may be on the device(s).  The Government has initiated a filter review to determine whether any of the devices contain attorney-client privileged information prior to producing the devices to co-defendants.

7.     On June 23, 2025, the Government produced a fourth discovery production, which included multiple financial analysis spreadsheets and investigative reports.

8.     Additionally, on December 2, 2025, the Government produced a fifth discovery production and a sixth discovery production on February 17, 2026.

9.     The parties seek to exclude the requested time period from the Speedy Trial clock to continue working toward finalizing a pre-trial resolution, to include defense counsel meeting with clients to review and advise them on extended plea offers. As such, the parties desire an exclusion of time to finalize a pre-trial resolution, before a trial date is set.  Specifically, the parties are seeking an exclusion of time from **March 24, 2026, through May 8, 2026**, for these purposes.

10.     In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first

2

appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

11.    18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

12.    In light of the foregoing, the parties submit that the ends of justice served by continuing the trial of this matter beyond the otherwise-applicable speedy trial date outweigh the interests of the defendants and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).  The parties require additional time in to continue to engage in plea discussions before a trial date is set and/or preparation for litigation, and the preparation of pre-trial motions by both the government and defense (including consideration of motions *in limine*).  Given this, the parties believe that holding a trial within 70 days would deny counsel for Defendants and the attorney for the Government the reasonable time necessary for effective preparation.

13.    The Government reached out to defense counsel regarding their position on this motion. Defense counsel has consented to the time included in this motion[1].

14.    Accordingly, the Government requests, and counsel for Defendants consents to tolling the speedy trial clock, in the interests of justice, from **March 24, 2026, through May 8, 2026**. The Government submits that the Defendant will not be prejudiced by the grant of this motion.  The ends of justice will be served by excluding this time period in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

WHEREFORE, the parties respectfully request that the time from **March 24, 2026, through May 8, 2026**, be excluded from Speedy Trial Act computations in this case.  A proposed order is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
        Dawn Williams
        Assistant United States Attorney

---

[1] Defendant Johnsie Steven Reina Hernandez entered a guilty plea on February 17, 2026, and is scheduled for sentencing on May 4, 2026. Therefore, this requested exclusion of time does not apply to his matter.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, and thereby served counsel for the Defendants on the date of filing.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____ _/s/_____

Dawn Williams
Assistant United States Attorney

5